UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:16-cr-262-CEH-MAP

JOSE WASHINGTON GOMEZ
QUINONEZ
_____/

**ORDER**

This matter comes before the Court on Defendant's Motion to Reduce Sentence Under the First Step Act. Doc. 95. In the motion, Defendant, who is proceeding *pro se*, seeks a reduction in his sentence based on the inapplicability of the "Time Credit Program" of the First Step Act to inmates with an immigration detainer. The Government has filed a response opposing the motion. Doc. 97. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Reduce Sentence Under the First Step Act.

**DISCUSSION**

On July 22, 2016, Defendant, Jose Washington Gomez Quinonez ("Defendant") pleaded guilty in open court to Count One of the Indictment charging him with conspiracy to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and Title 21, United States Code, § 960(b )(1)(B)(ii). Docs. 1, 31, 34, 37. On October 17, 2016, this Court sentenced Defendant to 135 months' imprisonment and a term of five years of

supervised release. Doc. 76. Defendant, who is currently 44 years old, is incarcerated at FCI Butner Low[1] with an expected release date of January 21, 2025. *See* https://www.bop.gov/inmateloc/ (last accessed October 30, 2023).

On April 12, 2022, Defendant, proceeding *pro se*, filed a motion seeking to reduce his term of imprisonment based on an application of FSA time credits to which he claims he is entitled. Doc. 95. Specifically, Defendant complains that because he is subject to an immigration detainer, he is unable to benefit from FSA time credits, which he claims is prejudicial and discriminatory.

The Government filed a memorandum opposing Defendant's motion in which it argues the motion should be denied because Defendant failed to exhaust his administrative remedies. Doc. 97. The Government represents that according to the Bureau of Prison's ("BOP") records, the Defendant has never requested the BOP file a motion for sentence modification on his behalf. But even if the Defendant had exhausted his administrative remedies, the Government submits that he has failed to demonstrate a compelling and extraordinary reason, consistent with applicable policy statements of the Sentencing Commission, to support a reduction in Defendant's sentence.

---

[1] Review of the docket reveals that Defendant was incarcerated at Dalby Correctional Institution in Post, Texas, at the time of filing his motion. *See* Doc. 95-1. As the BOP's website reflects that Defendant is currently incarcerated at FCI Butner Low, *see* https://www.bop.gov/inmateloc/, the Clerk will be directed to update the Defendant's address on the docket accordingly.

To the extent that Defendant seeks relief under § 3582(c)(1)(A), his motion fails. As the Government points out, a defendant is required to exhaust his administrative remedies before seeking relief from the Court under 18 U.S.C. § 3582(c)(1)(A). On the record before the Court, it is apparent Defendant has not satisfied administrative exhaustion and thus the motion is due to be denied.

Defendant argues that a reduction in his sentence is warranted because he is not a United States citizen and therefore is ineligible for certain relief that is available to citizens, such as "time credits" under the First Step Act. However, the "granting of credit for time served 'is in the first instance an administrative, not a judicial, function.' A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989)); *see also United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (holding the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing). A challenge to the denial of earned time credits goes to the execution of a defendant's sentence and thus the appropriate procedure to challenge a denial of his time credits is by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (prisoner's claim that the U.S. Parole Commission wrongly denied him certain credits toward his sentence concerned the execution of the sentence, for which a § 2241 habeas petition was the appropriate vehicle); *see also, e.g., U.S. v. Eck*, 3:16-cr-102-MMH-MCR, 2022 WL 911732, *4 (M.D. Fla. March 29, 2022) (denying

compassionate release motion based, in part, on argument that defendant was being denied earned time credits under the First Step Act, because such a claim must be brought via § 2241 petition in the district in which defendant is incarcerated). "A [§ 2241] petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration." *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985). Defendant is incarcerated at Butner FCI, in Butner, North Carolina. If he wishes to challenge the denial of earned time credits, he must file a habeas petition in the District of North Carolina after exhausting his administrative remedies.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Reduce Sentence Under the First Step Act (Doc. 95) is **DENIED**.

2. The Clerk is directed to send a copy of this Order to the Defendant at FCI Butner Low, Old NC Hwy 75, Butner NC 27509, and to update the docket with Defendant's current address.

**DONE AND ORDERED** in Tampa, Florida on October 30, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Jose Washington Gomez Quinonez, *pro se*
Counsel of Record